FREMONT BUTTER & EGG COMPANY v. F. J. SNYDER.
& COMPANY.

FILED MARCH 6, 1894.    No. 5281.

1. **Actions Against Corporations**: VENUE. The Fremont
   Butter & Egg Company was a corporation organized under the
   laws of the state for the purpose of buying and selling butter
   and eggs. Its principal place of business, as fixed by its char-
   ter, was in Dodge county, and its chief officer resided there. It
   had and maintained in Saunders county a place of business,
   there exercised its corporate functions, and had there employes
   conducting the business for which it was organized. *Held*, That,
   within the meaning of section 55 of the Code of Civil Proced-
   ure, the corporation was situated in Saunders county and suable
   there.

2. ———: ———. Section 55 of the Code of Civil Procedure pro-
   vides: "An action * * * against a corporation created by
   the laws of this state may be brought in the county in which it
   is situated or has its principal office or place of business." * *
   *Held*, That the meaning of this statute is that a domestic corpo-
   ration may be sued (*a*) in the county where its principal place
   of business is fixed by its charter, although its actual business
   is carried on and its officers reside in some other county; (*b*)
   that a domestic corporation, except those governed by sections
   56, 57, and 58 of the Code of Civil Procedure, may be sued in
   any county where it is situated, and that it is situated in any
   county where it has and maintains a place of business, and serv-
   ants, employes, or agents engaged in conducting and carrying
   on the business for which it exists.

ERROR from the district court of Saunders county. Tried
below before MARSHALL, J.

*G. W. Simpson* and *Frick & Dolezal*, for plaintiff in error.

*George I. Wright* and *J. R. Gilkeson*, contra.

RAGAN, C.

F. J. Snyder & Co. sued the Fremont Butter & Egg
Company (hereinafter called the "corporation") in the dis-

trict court of Saunders county for the price of some butter
and eggs alleged to have been sold and delivered by the
former to the latter.    The answer of the corporation al-
leged two defenses: (1.)  A general denial.    (2.) That it
was a domestic corporation, having its principal place of
business at the city of Fremont, in Dodge county ; that it
was served with summons in Saunders county, and there-
fore the district court of that county had no jurisdiction
over it.   The corporation, having been unsuccessful in the
district court brings the case here, alleging:

1. That the verdict of the jury, on which is based the
judgment here sought to be reversed, is contrary to the
evidence.    The record shows that the corporation was or-
ganized under the general incorporation laws of the state,
its principal place of business, as fixed by its charter, being
in the city of Fremont, in Dodge county, where its gen-
eral manager resided.   It is a trading corporation, en-
gaged in the buying, packing, shipping, and sale of butter,
and the buying, assorting, candling, boxing, shipping, and
sale of eggs.    It had "branch houses" at Red Oak, Iowa,
and in Beatrice and Wahoo, Nebraska.    In the latter city,
at the time and for some years prior to the time of the
transaction out of which this suit arose, it had a place of
business—business house—on which it kept its sign, viz.:
"Fremont Butter & Egg Co., Buyers of Butter and Eggs."
The corporation had in its employ there one or more per-
sons.    Butter and eggs were bought by these employes
or persons operating for the corporation and in its name.
The eggs were assorted, candled, and boxed at this place
of business by these employes of the corporation, and
then shipped to the Fremont house, or to such other
point as the corporation's general manager directed.   The
general manager of the corporation was frequently in
Wahoo looking after the business there.    Among others
who bought butter and eggs at this point for the corporation
was one Darrah.    It is claimed by the corporation that he

was operating on his own account and not as the corporation's agent, and that Darrah bought the goods sued for of the producers and the corporation bought them of Darrah. This contention, however, is disputed, and the evidence supports the jury's finding that Darrah, in buying the property sued for, was acting for, and on behalf of the corporation. It appears from the record that the corporation clothed this man Darrah for years with the authority of an agent. He was, to the corporation's knowledge, buying butter and eggs for the corporation at Wahoo, turning over the property bought to the corporation at its place of business in Wahoo, and drawing drafts on the corporation through the banks of Wahoo to pay for the goods bought. The corporation cannot now escape payment for goods thus purchased by Darrah and received by it by denying Darrah's agency. The corporation's conduct and course of business and dealing through this man was of itself sufficient to lull the inquiry of all reasonable men and induce them to believe that Darrah was, in fact, what he appeared to be, the corporation's agent. The evidence abundantly justifies the finding of the jury that Darrah was the purchasing agent of the corporation, and that in all that he did he was acting for and on its behalf.

2. The next error assigned is that the district court of Saunders county had no jurisdiction of the corporation, as it could be sued only in Dodge county, that being the location of its principal place of business. Section 55 of the Code of Civil Procedure provides: "An action * * * against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business." * * * It is argued that the word "may" in this section means "must," and that the word "situated" is synonymous with "principal place of business." But the able counsel are mistaken in their construction. The meaning of this statute is that a domestic corporation may be sued (1) in the county where

its principal place of business is fixed by its charter, and this though its actual business is carried on and its officers reside in some other county ; (2) that a domestic corporation may be sued in any county where it is situated, and it is situated where it has and maintains a place of business and servants, employes, or agents engaged in conducting and carrying on the business for which it exists.    This statute was not intended to limit the county in which a domestic corporation, except those mentioned in sections 56, 57, and 58 of the Code of Civil Procedure, could be sued to the one in which it has its principal place of business, but rather was enacted for the benefit of creditors and persons having claims against a domestic corporation.    There are a number of lumber companies, corporations, whose principal places of business are in the cities of Omaha and Lincoln, having places of business and employes exercising their corporate functions in the various counties of the state.    It was not intended by this statute that such corporations could only be sued in Douglas and Lancaster counties.    If counsels' contention is correct, the corporation at bar, if it refused to pay the rent of, or vacate, the building it occupies in Wahoo, could only be sued for rent or in forcible detainer in Dodge county.    The mere statement of the proposition refutes it.    The corporation sued in this case had, in Saunders county, a place of business, agents, and employes, and was exercising its corporate functions in that county, and, hence, was situated and suable there.

3. We have not been unmindful of the complaints made by counsel for the corporation that the court erred in certain instructions given to the jury, and in the admission and rejection of certain testimony at the trial.    We have carefully examined the instructions and the evidence complained of and have reached the conclusion that the court was not in error in the matters complained of.    It follows that the judgment of the district court must be, and the same is

AFFIRMED.