FREMONT BUTTER & EGG COMPANY v. PETERS & SON.

FILED JUNE 18, 1895.   No. 6297.

1. **Actions Against Corporations:** VENUE: STARE DECISIS. It is conceded by counsel for plaintiff in error that the facts in the case at bar and the rules of law applicable thereto are substantially similar to those in the case of *Fremont Butter & Egg Co. v. Snyder*, opinion in which is reported in 39 Neb., beginning on page 632, and to the extent that the points of alleged error stated in the briefs and relied upon in this case were in that considered and decided, it is followed and adhered to, and such points will not be here again discussed or the conclusions restated in the syllabus.

2. **Record for Review:** EVIDENCE IN SUPPORT OF MOTIONS: PRACTICE: BILL OF EXCEPTIONS. Where certain papers of the files of the trial court, evidential of the facts supporting the grounds of a motion filed and which are referred to in the motion and made a part thereof, to be considered with it, which appear to be necessary to its proper examination and determination, must be brought up with the record and preserved in the bill of exceptions. If this is not done the ruling of the trial court upon the questions presented by the motion cannot be reviewed in this court.

3. **Trial:** EVIDENCE. Statements or admissions made by a witness out of court in conflict with his testimony on the trial may be shown in cross-examination. *Markel v. Moudy*, 13 Neb., 322, followed.

4. ———: ———. The action of the trial court in sustaining objections to a certain interrogatory during redirect examination examined, and *held* not erroneous.

ERROR from the district court of Saunders county. Tried below before WHEELER, J.

*George W. Simpson* and *Frick & Dolezal*, for plaintiff in error.

*George I. Wright* and *J. R. Gilkeson, contra.*

HARRISON, J.

This action was commenced in the district court of Saunders county by Peters & Son against the Fremont Butter & Egg Company, a corporation, to recover the sum of $312.80, alleged to be due on account for merchandise sold and delivered to the corporation. The answer of the corporation contained a general denial and also a further plea of certain facts which it is claimed, if proved, would establish that the court had no jurisdiction over the subject-matter nor the corporation. Judgment was rendered against the corporation in the trial court and it has removed the case to this court for review. The cases of F. J. Snyder & Co. and Killian Bros. & Co. against the same corporation, tried in the district court of Saunders county, and in both of which the corporation was unsuccessful and brought to this court by proceedings in error, were, as to the issues joined by the pleadings, similar to the case at bar, and assignments of error in those cases raised for examination and decision points similar to the questions presented to this court in the case at bar with two exceptions. The cases referred to have been reached for decision and an opinion was filed in the one, which was followed in the other, for a report of which see 39 Neb., 632–636. The conclusions therein reached and announced, being applicable in the present case, will be followed and adhered to. Before the trial of this case in the district court a motion was filed on behalf of Peters & Son, as follows: "Now comes the plaintiff and moves the court to strike out of the defendant's answer the second defense therein set forth, for the reason that the same is immaterial and waived and cannot at this time be pleaded in bar to the action. Plaintiff refers to and makes a part of this motion the transcript of the lower court, the appeal bond, the original summons, and the answer of the said defendant in the lower court, which are now on file in this court in this case." This

was sustained, and the portion of the answer alluded to was ordered stricken out, to which action counsel for defendant excepted and have made it the subject of one assignment of error. Presumably the trial court had before it the papers in the case, to which reference is made in the motion, and the facts disclosed by them entered into its consideration and assisted it in arriving at the conclusion it did in regard to the disposition to be made of the motion. The transcript, appeal bond, original summons in the case, and answer filed in the court inferior to the district court are not in or of the bill of exceptions or other portion of the record filed in this court. Owing to this incompleteness of the record in relation to the motion we are unable to determine whether the ruling of the trial judge was erroneous or wholly right and proper, and cannot, therefore, review it.

The only further assignments of error which we need notice are as follows:

"The court erred in admitting in evidence the paper marked 'Exhibit DD, Dec. 7, 1892, Geo. F. Corcoran, Official Reporter,' and to the admission of which plaintiff in error duly excepted.

"The court erred in refusing to allow the plaintiff in error to prove by the witness George Haskell the facts offered by plaintiff in error to be proved by said witness in relating to said letter Exhibit 'DD,' aforesaid, and to which plaintiff in error then excepted, as shown on page 177 of bill of exceptions."

Exhibit "DD," referred to in the assignment quoted, was as follows:

"FREMONT, NEBRASKA, Sept. 2, 1889.

"To whom it may concern: This is to certify that Mr. J. Darrah, of Wahoo, is our authorized agent to purchase butter and eggs. Any drafts he may make on us in payment for same will be duly honored. Yours truly,

"FREMONT BUTTER & EGG CO.,

"J. DIXON AVERY, *Mgr.*"

It is insisted by counsel for the corporation that it was error to admit this exhibit, for the reason that it was not competent as proof of the agency of the party named in it, Mr. Darrah, being a statement made by the witness, Mr. Haskell, at a time when he possessed no other position than that of book-keeper for the corporation and had no authority to and could not bind it by his statements, either verbal or written, in regard to its agents; second, that it was no part of a cross-examination; and they further contend that after admitted it was error for the court to refuse to allow them to interrogate the witness in respect to it in the redirect examination.    Counsel for Peters & Son insist that the letter or exhibit in question was not introduced on their part as substantive evidence of the fact of the agency of Mr. Darrah, but for the sole purpose of showing that the witness then undergoing cross-examination had made a written statement in relation to such fact differing from and contradictory of his testimony during the trial.    The witness to whom reference has been made was G. E. Haskell, who, while testifying as a witness called on the part of the corporation, was interrogated during his direct examination in regard to J. Darrah and his connection with the corporation in the capacity of agent and answered as follows:

Q. Now, were you acquainted with J. Darrah during the time he was in business in Wahoo?

A. Yes, sir.

Q. Do you know of his being in business here?

A. I do.

Q. What do you say?

A. Yes, sir.

Q. In what business?

A. In the butter and egg business.

Q. You may state whether he had any connection with the Fremont Butter & Egg Company, defendant in this action, while he was in business here, if he was connected with the defendant in any way?

A. He was not.

And during his cross-examination testified in this connection and also in respect to " Exhibit DD." We here further quote the record showing the actions of the court and counsel with reference to the admission of the exhibit :

Q. Then unless it was at the time he had charge of, the time he was working the butter at the creamery, he never had any connection with the defendant company as an agent ?

A. Never while I was there as an agent.

Q. Never did at any time ?

A. No, sir.

Q. Did he ever make a statement he was an agent of the company ?

A. He did.

Q. That was in the fall of 1889?

A. Yes, sir.

Q. You may look at exhibit marked "DD" and answer whether or not that is a statement you made in reference to his being an agent of the defendant?

A. I wrote that.

Q. That is something you wrote?

A. Yes, sir.

Plaintiff offers letter marked Exhibit "DD" in evidence as part of the cross-examination of this witness.   Objected to, incompetent, immaterial, irrelevant, because no sufficient foundation has been laid, and because not proper cross-examination.   Overruled.   Defendant excepts.

Exhibit "DD" read to the jury.

The quotation we will now give shows what was done as to this branch of the testimony during the redirect examination of this witness :

Q. You did not have any of the direction or control?

A. None, only as I was told.

Q. By whom?

A. Mr. Avery.

Q. You may state whether or not you had any authority to sign Mr. Avery's name to any papers?

A. Only as he instructed me to sign letters when he was away.

Q. Did you have any authority or direction from him to sign the letter to which your attention has been called or directed, and has been introduced in evidence here?

Objected to, not proper re-examination, immaterial, incompetent.   Sustained.   Defendant excepts.

The defendant offers to prove by this witness that the letter introduced in evidence that is marked Exhibit "DD" was a letter written by himself without any authority from Mr. Avery or any one else, and thereby he had no authority to write that letter, and it was written at the special instance of Mr. Darrah, for a special purpose, on a special promise made to the witness by Mr. Darrah.   Offer objected to, incompetent, immaterial.   Sustained.   Defendant excepts.

From a perusal of the record of the testimony of the witness when asked if Mr. Darrah had ever acted as agent for the corporation and of the introduction in evidence of the exhibit and the testimony given immediately preceding its introduction, we conclude to accept the statement of counsel offering it, as to the purpose for which it was offered —that it was to impeach or discredit the witness and his evidence by proving by it his contradictory or different statement to that made in his testimony given at the trial. The question then arises, was it error or was it proper to allow it to be introduced and read during the cross-examination, or should the action at the time indicated have been restricted to its identification by the witness, and its offer and reception in evidence occurred as a proper portion of the testimony for Peters & Son?   The latter course is the usual, proper, and established one, and ordinarily should be followed; but the order in which testimony should be received is discretionary with the trial court, and may be

varied, and where no prejudice results, if its admission out
of the regular order is erroneous, it is not reversible error;
but in the case at bar the piece of evidence (Exhibit "DD")
was material and competent for the purpose of impeach-
ment as a statement directly contradictory of what had
been said by the witness on the same subject, both during
his examination in chief and cross-examination, and might
have been introduced (as it was) in connection with and at
the time of his admission that he had made it. See *Mar-
kel v. Moudy,* 13 Neb., 322, where "on the cross-examina-
tion of Joseph Moudy, one of the parties to the suit, who
had testified in chief in support of the alleged unprofitable-
ness of the business, he was shown the following notice
which he admitted was given by himself: 'For Sale.—
Railroad eating house, with furniture and good-will, on the
line of the Union Pacific R. R. in Nebraska; regular eat-
ing house for all trains; large trains and large profits;
terms, part cash and part on time. For particulars ad-
dress J. Moudy, Fremont, Neb.' Thereupon it was offered
in evidence, but the court excluded it on an objection made
by the defendants in error that it was 'irrelevant, incom-
petent, and not proper cross-examination.' This was error.
The notice was certainly admissible over this objection.
It was a concession by the witness made out of court, and
in conflict with the testimony he had given to the jury. It
was the right of the plaintiffs in error to have the notice
itself go hand in hand with the admission of the witness
that he had given it." Under the rule announced by this
court in that case, there was no error committed in admit-
ting the statements contained in Exhibit "DD" during
cross-examination in this case. Counsel for the corpora-
tion strenuously insist that if it was for any purpose or in
any sense proper to admit Exhibit "DD" in evidence, then
the trial court erred in refusing to allow the witness to
answer an interrogatory during redirect examination in re-
lation to the authority or direction which the witness had, if

any, from Mr. Avery, the general manager of the corporation, to sign such statement. Counsel had the right during the re-examination of the witness to ask any questions which tended to elicit from the witness an explanation of the sense and meaning of the matters contained in the exhibit, if any of the expressions therein were doubtful in such particulars, or to show the motives of the witness which actuated him to make the statements (1 Greenleaf, Evidence, sec. 467), but the question asked, "Did you have any authority or direction from him [Mr. Avery] to sign the letter to which your attention has been called or directed and has been introduced in evidence here?" was not calculated to call forth a response from the witness in respect to either the meaning of the declarations of the letter or the motives which induced the witness to make them. Had the exhibit been introduced by the parties by whom it was offered, as a piece of substantive evidence in .their behalf, at the proper time for such introduction, and to prove the facts contained in the statements, then, at the proper time for such interrogatories on behalf of the corporation, the question quoted would have been competent, but, as the letter was introduced merely for the purpose of showing that the utterances therein were contradictory of those made by the witness at another time, and for no other purpose, the interrogatory was not proper during redirect examination, and the action of the court sustaining the objection to it was not erroneous. The judgment of the district court is

AFFIRMED.